**UNITED STATES of America,
Plaintiff–Appellee,**

**John Collette, Claimant–Appellant,**

**v.**

**STRUCTURES & LEASEHOLD INTEREST IN REAL PROPERTY AT 3221 EST, Defendant.**

**No. 05–36064.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Aug. 24, 2007.

U.S. Department of Justice, United States Attorney, Washington, DC, USAK–

---

* The panel unanimously finds this case suitable for decision without oral argument, and thus, we deny Ali's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**678**

Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

John Collette, Fairbanks, AK, pro se.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

John Collette appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from a January 1993 default judgment resulting in the forfeiture of 3221 Ester Dome Road, Fairbanks, Alaska. Collette argues that the judgment is void as to his deceased brother, James Collette, because his brother owned part of a mining claim on the property but did not receive notice of the forfeiture action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rule 60(b) provides that "a party or a party's legal representative" may seek relief from a "final judgment, order, or proceeding" for several reasons, including that "the judgment is void." There is no evidence that James Collette ever filed a claim related to the forfeiture of the property at issue. Because James Collette was never a "party" to the forfeiture action, John Collette is not "a party's legal representative," even assuming that he is his brother's legal representative. By Rule 60(b)'s terms, John Collette cannot bring a Rule 60(b) motion on his brother's behalf to challenge the forfeiture judgment. *See*

*United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1317 (9th Cir.1998).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

